## Zaner v. Shearer & Co.

*Plaintiff's statement—Sufficiency of averments—Plaintiff's theory of case need not be stated.*

1. The function of a plaintiff's statement is to state in concise and summary form the material facts on which plaintiff relies for his claim, but not the evidence by which they are to be proved, nor inferences or conclusions of law.

2. Where a plaintiff's statement sets forth a good cause of action, it is not necessary that it indicate a definite theory relative to the facts upon which the action is based.

Rule to show cause why plaintiff should not file a more specific statement of claim. C. P. York Co., Aug. T., 1924, No. 175.

*Edgar S. Richardson* (of the Berks County Bar) and *James J. Logan*, for defendant and rule.

*James G. Glessner*, for plaintiff, contra.

NILES, P. J., Dec. 23, 1927.—The pleading attacked is plaintiff's amended statement of claim in an action of trespass. The basis of the various objections urged is in effect that the statement is so indefinite, vague and lacking in particularity that it fails to meet the requirements of the Practice Act of May 14, 1915, P. L. 483.

The essential averments of fact are: That the plaintiff, Margaret A. Zaner, was the only child of Philip A. Altland, now deceased. That defendant was operating a drug store in the City of York, and on Aug. 3, 1923, sold and delivered to Mr. Altland a bottle of camphorated oil in response to his request for castor oil. That Mr. Altland, after taking the contents of the vial, became ill and died on Sept. 30, 1923, from the effects of taking the camphorated oil. That Mr. Altland believed that the vial contained castor oil, and that defendant and its employees knew that it did not, but that it contained camphorated oil, which was an injurious and fatally harmful drug, of which Mr. Altland was not informed. That plaintiff, before her father's death, was receiving pecuniary aid from him in the sum of $1000 per year, with reason to expect a continuance of the same during his lifetime. The claim is for $10,000 damages.

These allegations of fact are sufficiently specific to sustain an action of tort for negligence.

The objection urged is that no definite theory is indicated by the plaintiff. This is not necessary.

The function of the pleading is to state in concise and summary form the material facts on which plaintiff relies for her claim, but not the evidence by which they are to be proved, or inferences or conclusions of law. Disposition as to these matters is for discussion and determination at the trial and in subsequent proceedings.

And now, to wit, Dec. 23, 1927, the rule issued Jan. 3, 1927, to show cause why plaintiff should not file a more specific statement of claim is discharged and the prayer of said petition refused, and the defendant is allowed fifteen days for the filing of his affidavit of defense, if it so desires.

From Richard E. Cochran, York, Pa.